MAY v. RHODE ISLAND CO.

(Circuit Court, D. Rhode Island. February 5, 1910.)

No. 2,908.

STREET RAILROADS (§ 99*)—INJURY AT CROSSING—ACTION—CONTRIBUTORY NEGLIGENCE.

Where it was shown by the positive testimony of disinterested and reputable witnesses that a plaintiff, injured while crossing the track of an electric railroad, with nothing to obstruct his view, drove upon the track such a short distance in front of the moving car by which he was struck that the motorman could not stop the car in time to prevent the accident, although he endeavored to do so, a verdict for plaintiff against the railroad company will be set aside as against the evidence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. § 99.*]

Action by Patrick May against the Rhode Island Company. On petition by defendant for new trial. Granted.

See, also, 72 Atl. 562.

A. B. Crafts, for plaintiff.

J. C. Sweeney, for defendant.

BROWN, District Judge. Upon the whole testimony the plaintiff's negligence is so conclusively shown that it is evident that the jury did not observe the instructions of the court as to the law of contributory negligence. A number of disinterested and respectable witnesses testified that when the plaintiff turned to cross the track the car was so near that a collision was inevitable. According to positive testimony

the motorman immediately endeavored to stop the car, and his failure to avoid the collision was due, not to the lack of effort or due diligence on his part, but to the nearness of the place at which the plaintiff attempted to cross the track.

The sole testimony tending to show the slightest degree of care on the part of the plaintiff is from the plaintiff himself, who says that he turned to cross behind a car going west, and that his horse's head was about one foot from the rail when he looked up the track, in the direction from which the car that struck him was coming, for a considerable distance: His statement that he looked out is directly contradicted by several witnesses, and by the fact that, if he had looked, he must have seen the car but a short distance away.

Upon a former trial of this case in the state court the plaintiff recovered a verdict, which was set aside by the trial judge, whose action in so doing was affirmed by the Supreme Court of Rhode Island. 72 Atl. 562.

While the fact that two juries have found for the plaintiff should have its weight, this does not relieve this court of the duty of determining whether the testimony affords any reasonable basis for a verdict to the effect that the defendant was proved guilty of negligence, and that the proof failed to show that the plaintiff was guilty of negligence. When carefully reviewed, the evidence shows beyond a reasonable doubt the plaintiff's negligence, and is clearly insufficient to justify a finding that the defendant's motorman was negligent.

Petition for a new trial is granted.