SARAH MILLER AND ALBERT MILLER, APPELLANTS, v.
PUBLIC SERVICE CORPORATION OF NEW JERSEY,
RESPONDENTS.

Argued June 29, 1914—Decided November 16, 1914.

In view of the well-known fact that in rounding a curve the rear end
of a street car will swing beyond the track and overlap the
street to a greater extent than the front, the motorman is justi-
fied in presuming that an adult person standing in the street
near the track, who is apparently able to see, hear and move,
having notice of the approach of the car, and of the existence of
the curve in the track, will draw back far enough from it to
avoid being struck by the rear of the car as it swings around the
curve in the usual and expected manner, and under such circum-
stances, it is not negligent operation on the part of the motor-
man to continue the progress of the car without warning such
person of the possible danger of collision with the rear of the
car, because of the swing, if he remains in the same position.

On appeal from the Supreme Court.

The material facts proven by the plaintiff were as follows:
The defendant operated a street railway along Bergen and
Fairmount avenues, in Jersey City; that Fairmount avenue
intersects and crosses Bergen avenue at an obtuse angle, and
at the intersection the railway leaves one avenue and con-
tinues along the other, the change making necessary a curve;
that about fifteen minutes after ten in the evening of the day
of the accident, which is the foundation of plaintiff's claim,
she and her mother, Elvina Greenleaf, walked into Bergen
avenue on a line with the southerly side of Fairmount avenue,
to a point about the middle of the curve, and signaled the
motorman on an approaching car that she wished him to stop
it; that the motorman slacked the speed of the car as it struck
the curve, and then increased it as the car rounded the curve;
that the front of the car passed plaintiff and her mother, but,
owing to the curve, the rear of the car was given a swing so
that it overlapped a portion of the street to a greater extent
than the front, and struck the plaintiff, causing the injuries

complained of; that the plaintiff had on two previous occasions boarded the car at about the point of the accident; that she knew there was a curve at that point; that she supposed the rear end of a car running on fixed rails around a curve had a swing; that when the front of the car passed her, she did not move from her position until she was struck, and, although the motorman saw them standing near the front of the car, he did not stop it or give any warning. There was no proof of the distance plaintiff was standing from the car. On these facts, the trial court ordered a nonsuit, from which plaintiff appeals.

For the appellants, *De Graw & Murray* and *W. E. Tipple* (of the New York bar).

For the appellees, *Edwards & Smith.*

The opinion of the court was delivered by

BERGEN, J.   The first point urged in the support of this appeal is, that there was sufficient proof of negligence on the part of the defendant's servant to require its submission to the jury. The only basis upon which defendant's negligence can be rested in this case is, that the motorman was charged with knowledge that the position of the plaintiff was within the range of the swing of the rear of the car, and therefore he should have stopped the car, or warned plaintiff as he passed that she was liable to be struck by the rear of the car if she remained where she was.

This implies that every motorman when passing a person standing in the street must determine the question whether such person is in danger of being struck by the rear part of the car while passing around a curve, although he is far enough away to allow the front of it to pass. We do not conceive that any such legal duty is imposed upon the motorman.

Cases may arise where the circumstances justify a presumption of negligent operation of a car where the contractual relation continues, as in *Walgar* v. *Jersey City, &c., Ry. Co.,* 71 *N. J. L.* 356, where a passenger was being trans-

ferred from one car to another in order to continue his journey, but such cases are entirely different from this, where no contractual relation existed. Nor are the cases cited by appellant where the defendant had knowledge, or was chargeable therewith, that if the car proceeded it would run down a person on, or near, the track, or about to cross it, applicable. The reasonable presumption is, that a person standing in the street and indicating a desire to board such a car, will keep beyond the range of the car until it stops, and to charge a motorman with the duty of deciding in every case whether an applicant for passage is within the zone of danger from the swing of the rear of the car when going around a curve, would charge him with an obligation the law does not impose.

The rule approved by the weight of authority is, that in view of the well-known fact that in rounding a curve, the rear end of a street car will swing beyond the track, and overlap the street to a greater extent than the front, the motorman may rightfully assume that an adult person standing near the track, who is apparently able to see, hear and move, and having notice of the approach of a street car, and of the existence of the curve, will draw back far enough to avoid being struck by the rear of the car as it swings around the curve in the usual and expected manner, and, therefore, no legal duty is imposed upon the motorman to warn such a person against the possible danger of a collision with the rear, because of the swing, if he remains in the same position. *Jelly* v. *North Jersey Railway Co., 76 N. J. L.* 191; *Widmer* v. *West End Street Railway Co. (Mass.), 32 N. E. Rep.* 899; *Garvey* v. *Rhode Island Co., 26 R. 1.* 80; *58 Atl. Rep.* 456; *Hayden* v. *Fair Haven and W. Railroad Co., 56 Atl. Rep.* 613; *76 Conn.* 355.

In the case under consideration, the plaintiff approached the track at a point where she knew there was a curve, and she testified that she supposed the rear of a car would swing out over the street as it came around the curve, and yet she did not move. The distance she was standing from the front of the car as it passed around the curve was not shown, and we think the motorman had a right to presume either that she

634    COURT OF ERRORS AND APPEALS.

West Jersey, &c., R. R. Co. v. Bd. of Water Com.    86 N. J. L.

was beyond the swing, or that if not, she would move out of its range. We must take the case as it is presented to us, and without proof of the exact position taken by the plaintiff with reference to the approaching car, beyond the fact that the front passed her without injury, we are asked to say that the motorman must assume, under such circumstances, that she would not act as a reasonable prudent person, and withdraw from a danger of which she was aware, or which she supposed did not exist because of the distance she was from the car, but about which it subsequently appeared she was mistaken.

To accede to this request would impose a duty upon those operating street railways which, in our opinion, has no legal basis.

In order to make a defendant liable for negligent operation of its car, the plaintiff must prove facts from which it may be legally inferred, and as there is no basis for such inference from the facts in this case, there was nothing to submit to the jury and the court properly directed a judgment of nonsuit, and it will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, WILLIAMS, JJ.    10.

*For reversal* — GARRISON, KALISCH, BLACK, HEPPEN-HEIMER, JJ.    4.