MARY F. SINDLE, APPELLANT, v. E. I. DU PONT DE NEMOURS & COMPANY, RESPONDENT.

Submitted July 11, 1921—Decided September 23, 1921.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is a workmen's compensation case. The Passaic County Court of Common Pleas on a trial *de novo* affirmed an award for compensation made by the Workmen's Compensation Bureau. The *certiorari* was issued to review a judg-

ment based on that award. There are several reasons assigned for setting aside the award, but the view we take of the case renders it unnecessary to discuss but one, viz., we find no evidence of dependency in the record, within the rulings of our courts. *Jackson* v. *Erie Railroad Co.*, 86 *N. J. L.* 550; *Havey* v. *Erie Railroad Co.*, 88 *Id.* 684; *Miller* v. *Public Service Railway Co.*, 84 *Id.* 174; *Muzik* v. *Erie Railroad Co.*, 85 *Id.* 129, 131; *affirmed*, 86 *Id.* 695; *Conners* v. *Public Service Electric Co.*, 89 *Id.* 99; *Reardon* v. *Philadelphia, &c., Railroad Co.*, 85 *Id.* 90.

"The testimony shows the deceased daughter, Amy Sindle, was seventeen years old; she was killed on September 6th, 1918, in the defendant's factory by a flare up of powder; she had been so employed for a few days only, from August 27th to September 6th, 1918, for which she had not been paid at the time of her death; at one time the daughter gave the mother $11 earned from previous work. This is the only money the daughter ever gave her mother. The mother testified:

" '*A*. We got a player piano and my daughter went to work to pay for that, and we got it just a day before she died; that cost $550; then she went to work to pay for the piano.'

" '*A*. Help pay for it.'

"As we read the testimony in the record Mrs. Sindle, the petitioner, was dependent upon her husband and her son and not upon her deceased daughter.

"The judgment based upon the award is therefore reversed."

For the appellant, *Albert Comstock*.

For the respondent, *Collins & Corbin, George S. Hobart* and *Ralph E. Cooper*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BERGEN, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 6.

*For reversal*—TRENCHARD, PARKER, MINTURN, ACKERSON, VAN BUSKIRK, JJ. 5.