New Jersey Department of Labor,
Workmen's Compensation Bureau.

## AARON RODESKY, PETITIONER, v. CITY OF PATERSON (FIRE DEPARTMENT), RESPONDENT.

Decided December 14, 1940.

For the petitioner, *Abe Jaffe.*

For the respondent, *George Surosky.*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The sole question in issue is whether or not the petitioner was a dependent of the decedent, either total or partial, within the intendment of the Workmen's Compensation act, *R. S.* 1937, 34:15-13. The jurisdictional facts are not in dispute and were stipulated by counsel at the outset of the trial as follows: That Louis Rodesky, deceased brother of petitioner, was regularly employed by the respondent in its fire department as a fireman, receiving wages of $92 semi-monthly; that he met with an accident on April 12th, 1938, arising out of and in the course of his employment to wit—while assisting in the extinguishment of a fire on Prospect street, Paterson, New Jersey, one of the walls of the building collapsed and fell upon the decedent causing his instant death; and that the respondent had actual knowledge of the mishap within a few minutes after its occurrence.

From the evidence it appears that the decedent was unmarried and made his home with the petitioner and his family at 440 East Twenty-sixth street, Paterson, New Jersey, pay-

ing board at the rate of $10 per week, and, in addition thereto paying the monthly rent for the premises occupied by the petitioner in the amount of $45. It further appears from the evidence that the petitioner at the time of the accident and death was gainfully employed by Meyer Bros., operators of a department store in the city of Paterson, and had been for the past twenty years and still is so employed, receiving wages at the rate of $27.50 a week. His household consists of himself and his wife, there being no dependent children under the age of sixteen years. It further appears from the evidence that the petitioner, through his own frugality and resourcefulness, possesses two separate bank accounts derived primarily by savings from his earnings and through his own personal thrift.

The overwhelming weight of the evidence in this case, in my opinion, fails to establish that the petitioner at the time of the said accident and prior thereto was a dependent, either total or partial, within the meaning and purview of the Workmen's Compensation act. A dependent, under the act, is one who is sustained by another or relies for support upon the aid of another; who looks to another for reasonable necessities of life, such as food, clothing and shelter. The dependency which justifies a recovery under the act is a personal dependency for such support and maintenance—an actual dependency in fact for support consistent with dependent's station in life.

Dependency is a question of fact. Benefit and dependency are not synonymous terms. See *Harvey* v. *Erie Railroad Co.*, 88 *N. J. L.* 684; 96 *Atl. Rep.* 995; *Miller* v. *Public Service Railroad Co.*, 86 *N. J. L.* 631; 92 *Atl. Rep.* 343, and *Berger* v. *Oakes Co.*, 39 *N. J. L. J.* 296.

The phrase "who are dependents" as used in *R. S.* 1937, 34:15-13, means relatives in some degree who are wholly or to some substantial degree supported by the deceased at the time of his death. *Hamill* v. *Pennsylvania Railroad Co.*, 87 *N. J. L.* 388; 94 *Atl. Rep.* 313, and *Connors* v. *Public Service Railway Co.*, 89 *N. J. L.* 99; 97 *Atl. Rep.* 792.

In the present case it is not enough that the petitioner bore to the decedent one of the degrees of relationship enumerated

under *R. S.* 1937, 34:15-13, but it was incumbent upon him to go further and establish dependency in fact—wholly or partially, upon the said decedent at the time of the accident and death. The evidence fails to disclose such proof. While it is true that the petitioner received a benefit from the decedent, benefit and dependency are not synonymous or interchangeable terms.

The distinction between benefit and dependency is succinctly pointed out in *Sindle* v. *E. I. Dupont DeNemours,* 96 *N. J. L.* 553; 115 *Atl. Rep.* 2. In that case a seventeen-year-old girl, unemancipated and living at home, who when killed in an industrial accident, had been employed only a few days for which she had not been paid; but at one time gave her mother $11 earned from previous work. It appeared that the day before she went to work a $550 player piano was received by the family, to pay for which the mother said the girl went to work. It was held that the mother was not a dependent of the decedent.

The petitioner having failed to establish his right to compensation, it is   *   *   *   ordered that the petition herein filed be and the same is hereby dismissed.

JOHN J. STAHL,
*Deputy Commissioner.*