CORIDO ROSA *v.* AMERICAN OIL COMPANY, INC., ET ALS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 3, 1942—decided February 3, 1943.

*M. J. Blumenfeld,* with whom, on the brief, was *DeLancey Pelgrift,* for the appellant (defendant City Lumber Company, Inc.).

*Bernard P. Kopkind* and *Clarence A. Hadden,* with whom, on the brief, were *Daniel Pouzzner* and *William L. Hadden,* for the appellant—appellee (plaintiff).

*Joseph B. Morse,* for the appellee (named defendant).

JENNINGS, J. The plaintiff is an employee of Porcelain Metals, Inc., engaged, at the time of his injury, in taking measurements in and around a building being constructed as a part of the gasoline service station in Stratford owned by the named defendant, hereinafter referred to as the oil company. The City Lumber Company, hereinafter referred to as the lumber company, was engaged in delivering materials to the job by truck. The service station was operating.

Mechanics were working on the building. Materials of various kinds were scattered around.

The plaintiff and an employee of the oil company named Brennan were standing on a narrow walk in front of the office door. They were bending over engaged in their work. A four-foot iron bar lay on the walk near the plaintiff. It projected out from the curb over the driveway. The lumber company's truck drove into the station and stopped. The driver and helper got out and the latter moved lumber out of the doorway of the building under construction so that they could back in. The driver then got into the cab of the truck and started to back under the direction of the helper. When he had backed two or three feet the right front wheel struck the end of the bar and snapped the other end up so that it hit and broke the plaintiff's nose. The jury rendered a verdict against the oil company and the lumber company and both defendants moved to set it aside. The oil company's motion was granted. That of the lumber company was also granted unless the plaintiff filed a remittitur. This was filed and judgment was entered against the lumber company only. The latter appealed and the plaintiff also appealed because of the granting of the oil company's motion.

The lumber company claims that the truck driver had a right to assume that the oil company's premises were in a reasonably safe condition, that he was therefore not negligent in failing to see and to avoid striking the bar and that, in any event, the combination of circumstances was so unusual that he could not be found negligent. As pointed out by the plaintiff, the first statement, while true as a general proposition, fails to take account of the fact that building materials of all kinds were lying around and that construction work was going on. The assumption claimed

by the defendant lumber company would be offset by
another, that the driver would govern his conduct in
the light of dangerous conditions likely to be present
under such circumstances. *Riley* v. *Consolidated Ry.
Co.*, 82 Conn. 105, 108, 72 Atl. 562. Due care is always
predicated on the existing circumstances. *Geoghegan*
v. *Fox & Co., Inc.*, 104 Conn. 129, 138, 132 Atl. 408;
*Viretto* v. *Tricarico*, 116 Conn. 718, 719, 165 Atl. 345.
The peculiarity of the circumstances surrounding an
accident may furnish support for a defendant's ver-
dict but the trier of the fact is, in this state, given
a wide latitude in drawing the inference of negligence.
*Ruerat* v. *Stevens*, 113 Conn. 333, 155 Atl. 219; *Savage*
v. *St. Aeden's Church*, 122 Conn. 343, 189 Atl. 599;
*Fallo* v. *New York, N. H. & H. R. Co.*, 123 Conn. 81,
84, 192 Atl. 712; *White* v. *Herbst*, 128 Conn. 659, 661,
25 Atl. (2d) 68. Under the evidence, a circle with a
ten-foot radius would have included all of the actors.
The driver could not see the bar from his position in
the cab but he could have seen it when he got off the
truck when he first arrived, and he was backing under
the direction of his helper, another employee of the
lumber company, who had moved various things out
of the way of the truck and could have seen the
danger. The finding that the lumber company was
negligent was one which the jury could reasonably
make.

The verdict against the oil company was not set
aside on the ground that it could not have been found
negligent but on the ground that there was a total
failure of proof of the cause of action alleged. *Fenton*
v. *Mansfield*, 82 Conn. 343, 348, 73 Atl. 770. The trial
court based its ruling on the allegation of the com-
plaint that the oil company was operating its station
by its agent Donald L. Lucas. The plaintiff admits
that there is no evidence to support the allegation

that the oil company was operating the station or that Lucas was its agent, but points to the amendment to the complaint which alleged that the servants, agents or employees of the oil company were negligent in that they failed to remove the bar and failed to warn the plaintiff or the truck driver of its presence.

As pointed out by the trial court, negligence is based on a breach of duty. If the oil company owed no duty to the plaintiff, it could not be guilty of negligence. *Swentusky* v. *Prudential Ins. Co.*, 116 Conn. 526, 532, 165 Atl. 686. The only allegation of the complaint setting up a situation which would give rise to that duty is that the oil company was operating the gasoline station through its agent Lucas, for it is upon control and possession of the premises, as distinguished from title, that a defendant's liability is predicated in such a case. *Ziulkowski* v. *Kolodziej*, 119 Conn. 230, 232, 175 Atl. 780. Having failed to prove this fundamental allegation, the specific acts of negligence complained of have no legal basis. The trial court directed a verdict in favor of Lucas and was correct in setting aside that against the oil company.

The jury rendered a verdict of $6000. The trial court ordered a remittitur of $2350. In its memorandum, it reviewed the evidence as to damages and said, "In my judgment, a fair verdict in this case would have been $2500, and one of $3650, the limit of legitimate generosity." The lumber company does not question the right of the trial court to order a remittitur but claims that a fair appraisal of compensatory damages and not the "limit of legitimate generosity" should be the rule and the authorities support that contention. The underlying principles are fully discussed in *St. Louis, Iron Mountain & So. Ry. Co.* v. *Adams*, 74 Ark. 326, 332, 86 S. W. 287, and the court says (p. 333): "What the court undertakes to do is

simply to name an amount so low that there can be no reasonable ground to believe that a jury of average judgment, after considering the evidence, would, when properly instructed as to the law, allow plaintiff a less sum than that named, and which amount the court can clearly see is not excessive." If there could be no reasonable conclusion other than that the plaintiff's damages amounted at least to those so fixed, the plaintiff is entitled to recover them as a matter of law, and there is no invasion of the proper function of the jury. *Robinson* v. *Backes,* 91 Conn. 457, 460, 99 Atl. 1057; *Maroncelli* v. *Starkweather,* 104 Conn. 419, 422, 133 Atl. 209. Thanks to the memorandum, we have "a deliberate appraisal of compensatory damages made by an experienced trier who heard and saw the witnesses." *Monczport* v. *Csongradi,* 102 Conn. 448, 455, 129 Atl. 41; *Doroszka* v. *Lavine,* 111 Conn. 575, 579, 150 Atl. 692. Our examination of the evidence leads us to the conclusion that the verdict ought to be reduced to the amount of $2500, and no further analysis is called for. A plaintiff is not obliged to file a remittitur ordered either by the trial court or this court and in fixing the amount a court should be just rather than generous. The remittitur should have been $3500.

There is error, the judgment is set aside and a new trial is ordered unless the plaintiff within three weeks from the time he receives notice of the decision of this court shall file in the office of the clerk of the Superior Court an additional remittitur of $1150; but if such remittitur shall be filed, judgment shall thereupon, as to the residue, be entered upon the verdict against the City Lumber Company; the costs of this appeal to be taxed to the defendants in either event.

In this opinion the other judges concurred.