[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this case is Valerie C. Saltzman, a teacher previously employed by the defendant, Trailblazers Academy, Inc., which is located in Stamford and is described in the complaint as an academic institution "catering to students who may have social or educational problems and may have a tendency to act out in school." The plaintiff has filed a complaint which contains seven counts, including a claim for "common law punitive damages." The defendant has filed a motion (#101; short cal. May 28, 2002, col. 6, pos. 48) to strike five of the seven counts.[1] Each of the challenged counts and the prayer for relief will be analyzed in turn to decide whether they should be stricken.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). As stated in Macomber v. Travelers Property Casualty Corp., 261 Conn. 620,629 ___ A.2d ___ (2002), this is a "broad, flexible and permissive standard."
First Count-Breach of Contract
The plaintiff alleges in this count that she and the defendant entered into "an oral agreement" pursuant to which the defendant made her a number of promises all of which it breached, thereby damaging the CT Page 11638 plaintiff. The alleged promises included continued employment for the whole academic year, that is, until June 29, 2001, as well as others relating to teacher-student ratio, use of an outside gym, providing an education assistant to help in the classroom, extra compensation for teaching physical education, and cooperation with the plaintiff in helping her receive certification. The plaintiff further alleged that her employment was terminated by the defendant prior to the end of the academic year "without cause."
The basis for the defendant's motion to strike this breach of contract claim is that the plaintiff was an at-will employee who could be fired at any time even without just cause so long as there was no violation of public policy. The plaintiff, however, claims that she was promised a specific and definite term of employment, that is, through the school year, June 2001, but had been terminated prior thereto. "[T]he plaintiff [bears] the burden of proving . . . that [the employer] had agreed, either by words or action or conduct, to undertake [some] form of actual contract commitment to him under which he could not be terminated without just cause." (Internal quotation marks omitted.) Torosyan v. BoehringerIngelheim Pharmaceuticals, Inc., 234 Conn. 1, 15, 662 A.2d 89 (1995). Thus, for the limited purpose of a motion to strike, the allegations in the first count regarding the existence of an express contract, construed favorably to the plaintiff, are entitled to remain in the complaint.
Second Count-Breach of The Covenant of Good Faith and Fair Dealing
The plaintiff alleges that the conduct described above constitutes a breach of the duty of good faith and fair dealing. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . Essentially it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. . . . Conversely, [b]ad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) MiddletownCommercial Associates Ltd. Partnership v. Middletown, 53 Conn. App. 432,437, 730 A.2d 1201, cert. denied, 250 Conn. 919, 738 A.2d 657 (1999). "Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistence with the justified expectations of the other party. . . ." (Internal quotation marks omitted.) Warner v. Konover, 210 Conn. 150, 155, 553 A.2d 1138
(1989). It is "essentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Barber v. Jacobs, 58 Conn. App. 330, 338,753 A.2d 430, cert. denied, 254 Conn. 920, 759 A.2d 1023 (2000). CT Page 11639
Since, for the purposes only of this motion to strike, a contract has been found to exist, it follows that the allegation regarding the implied covenant of good faith and fair dealing should also survive the motion to strike. Hoskin's v. Titan Value Equities Group, Inc., 252 Conn. 789,793, 749 A.2d 1144 (2000), indicates that ". . . the existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing."
Third Count-Wrongful Discharge
In this count, the plaintiff alleges that on February 13, 2001, she complained to the defendant that she had not been given an educational assistant as promised and that if one was not furnished the next day "she would not teach the following day." According to the plaintiff, she was assured that an assistant would be provided the next day, February 14, 2001, but one was not, so the plaintiff "left the premises" after unsuccessfully attempting to talk to the assistant principal. On February 15, 2001, according to the complaint, the plaintiff took a "sick day" and later that same day she was informed over the telephone that her employment was being terminated immediately. The plaintiff contends that her discharge was wrongful because it violated the "public policy of ensuring students and their teachers function in a safe environment conducive to education
The plaintiff is unable to and did not contend that an action for wrongful discharge is permissible because she has no other adequate remedy when, of course, she has brought a claim for unpaid wages which includes enhanced damages and attorney's fees. An action for wrongful discharge can be maintained only when the employee is "otherwise without remedy." Burnham v. Karl Gelb, P.C., 252 Conn. 153, 161, 745 A.2d 178
(2000), adopting the view of the Appellate Court in Atkins v. BridgeportHydraulic Co., 5 Conn. App. 643, 648, 501 A.2d 1223 (1985).
Fourth Count-Breach of the Covenant of Good Faith and Fair Dealing inViolation of Public Policy
The public policy identified by the plaintiff in this count concerns "supporting the right of employees to enforce the terms of an employment contract without fear of being terminated." There was a vague reference in the preceding count to the defendant's "Charter and the Connecticut General Statutes." The plaintiff has included a count in her complaint alleging a violation of the implied covenant of good faith and fair dealing found in every contract, but this fourth count does not set forth a legally cognizable cause of action. CT Page 11640
Sixth Count-Negligent Infliction of Emotional Distress
It is alleged in this count that the defendant's conduct in negligently failing to exercise reasonable care in its treatment of the plaintiff constituted the negligent infliction of emotional distress. Parsons v.United Technologies Corp., 243 Conn. 66, 88-89, 700 A.2d 655 (1997), states clearly that the "negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process." (Internal citation omitted.) Secondly, the plaintiff's employment was terminated over the telephone according to the complaint, a private conversation that hardly rises to the level of "unreasonable conduct." Thirdly, if the plaintiff is complaining in this count about her treatment while employed with respect to, among other things, educational assistants, extra pay, and student-teacher ratios, Perodeau v. Hartford, 259 Oonn. 729, 758,792 A.2d 752 (2002), reiterates that the negligent infliction of emotional distress may not be claimed where the employment relationship is ongoing.
The motion to strike this count is granted because the plaintiff has not set forth a cause of action for negligent infliction of emotional distress.
Claim for Common Law Punitive Damages
In her prayers for relief the plaintiff claims that she is entitled to "common law punitive damages." To support a claim for common law punitive damages, the plaintiff must set forth any facts that would support such a claim. The plaintiff must plead that the defendant's actions were "malicious culpable or wanton". Hayden v. Fair Haven W.R. Co.,76 Conn. 355, 361, 56 A. 613 (1904); Rogers v. Doody, 119 Conn. 532,535, 178 A. 51 (1935). The plaintiff has a claim for lost wages. The defendant agrees that if such claim is limited to the count involving lost wages, it has no objection to its continued presence in the prayers for relief. With that condition, the motion to strike is denied.
In summary, the defendant's motion to strike is granted as to the third, fourth and sixth counts, but is denied as to counts one and two of the plaintiffs' complaint, and as to the prayer for punitive damages, but on the condition that this latter claim applies only to the count for lost wages.
So Ordered. CT Page 11641
Dated at Stamford, Connecticut, this 10th day of September, 2002.
William B. Lewis, Judge(T.R.)