Hillsborough,
Nov. 3, 1903.

SKINNER v. MANCHESTER.

A city is liable to the janitor of a public building for services tendered and accepted under a contract of employment, although another person has been appointed to perform the same duties.

ASSUMPSIT, for services. Facts agreed, and case transferred from the May term, 1903, of the superior court by *Pike*, J.

At a meeting of the committee of the board of mayor and aldermen of the city of Manchester, held March 21, 1903, the plaintiff was employed as janitor of the police station for one year, beginning April 1, and entered upon his duties at that time. The committee acted under an ordinance which provided that "the joint standing committee on lands and buildings" should have the care of certain buildings belonging to the city, and authorized such committee to employ a janitor for the court house and "such persons as may be necessary to take charge and care of the other buildings of the city." The police commissioners of the city, acting under an act of the legislature approved April 6, 1903 (Laws 1903, c. 324), appointed one Wiggin janitor of the police station on April 6, and he immediately entered upon the discharge of his duties. Since that date, both the plaintiff and Wiggin have been acting as janitors. The city auditor refused to approve the plaintiff's claim, upon the ground that the statute put an end to the contract. If the plaintiff is entitled to recover, he is to have judgment for forty dollars in full for his services to April 20; otherwise, the defendants are to have judgment.

*David W. Perkins*, for the plaintiff.

*George A. Wagner*, for the defendants.

PARSONS, C. J.    March 21, 1903, the committee of the board of mayor and aldermen, acting under an ordinance of the city providing that "the joint standing committee on lands and buildings . . . may also employ such persons as may be necessary to take charge and care of the other buildings of the city," employed the plaintiff as janitor of the police station for one year from April 1. The plaintiff entered upon the duties contemplated by the contract and so continued during the time for which he seeks payment.

April 6, the legislature passed an act, which went into effect upon its passage, repealing all inconsistent provisions and providing that "it shall be the duty of the police commissioners of the city of Manchester to appoint a janitor for the care of the police station, and fix his compensation therefor."    Laws 1903, *c.* 324. In compliance with this requirement, the police commissioners appointed one Wiggin janitor April 6, and since that date he also has been acting as janitor.

The case is here upon an agreed statement of facts.    The only question now before the court is whether the plaintiff is entitled to payment for services rendered.    Whether the committee of the board of mayor and aldermen is the joint standing committee referred to in the ordinance; whether the committee had power to make a contract with the plaintiff for a year; whether the contract was valid or invalid within the statute of frauds; whether the imposition of the duty of appointing a janitor upon the police commissioners authorized the commissioners or the committee to discharge Skinner for or without cause; whether there was cause for his discharge; and whether, if discharged without cause before the termination of his term of employment, he could recover damages against the defendants, are questions which might be raised, but none of them are now presented.    Neither the committee nor the commissioners have attempted to dispense with Skinner's services, so far as appears.

Whether the act in question terminated the contract between Skinner and the city, as the auditor ruled, is not material.    The plaintiff was not bound to assume that it did, and thereby run the risk of a breach of his contract.    He had the right to tender his services regardless of the act or the appointment of Wiggin.    So long as the city accepted the services tendered under the contract, they are bound to pay for them.    The court cannot take judicial cognizance of the fact, if it be the fact, that only one person is needed to care for the police station at Manchester; and hence it cannot be ruled as matter of law that the appointment of Wiggin was a discharge of Skinner, or that Skinner must have so understood.    The act might have been passed for the sole reason that the services of one person were thought to be insufficient.    So long

as the city continues to accept the plaintiff's services tendered by him under the contract, they will be legally bound to pay for them. On the facts stated the plaintiff is entitled to judgment.

*Case discharged.*

All concurred.