JENNIE MILLER *vs.* THE CONNECTICUT COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS AND AVERY, JS.

Argued October 28th, 1930—decided January 13th, 1931.

*Charles A. Watrous,* with whom was *R. Blake Russell,* for the appellant (defendant The Connecticut Company).

*Michael J. Quinn,* with whom, on the brief, were *Philip Troup* and *John V. O'Brien,* for the appellee (plaintiff).

HAINES, J. The plaintiff was injured while riding as a passenger in a trolley car of the appellant then being operated on Dixwell Avenue in New Haven, July 23d, 1929. The car was in collision with an automobile which was being backed into the street by its driver, the defendant Amy D. Maloney. This action was heard upon the claimed negligence of both these defendants. The jury held the defendant Maloney free from blame and found the negligence of the motorman the proximate cause of the injury and gave the plaintiff a verdict against the defendant company. The appeal alleges errors on the part of the trial court in certain portions of the charge, in denial of requests to charge, in failing to submit an interrogatory, and in denying the motion to set aside the verdict as contrary to the evidence and the law and as excessive.

The court was requested to charge that "a motorman, operating his car in a reasonable manner, has a right to assume that other users of the highway will use reasonable care for their own safety and will take reasonable means to inform themselves whether or not a car is dangerously near before going upon the track." In view of the conflicting evidence as to how the collision was caused, the principle involved in this request might well have been an important element in the deliberations of the jury. Though the request was not in ideal form, it embodied an important rule of law in negligence actions, and we find nothing which covers this feature of the case in the charge as given. We cannot avoid the conclusion that the rights of the defendant may have been prejudiced by the omission and that it constitutes reversible error. *Murphy* v. *Way,*

107 Conn. 633, 639, 141 Atl. 858; *Syssa* v. *Heminway,* 106 Conn. 499, 501, 138 Atl. 223.

There are some other questions of importance raised by the present appeal, which may again arise upon a new trial, and we shall therefore make some reference to them.

The defendant requested a charge that "the plaintiff cannot recover damages for nervous shock except in so far as the nervous shock is the direct result of a physical injury." The complaint described various physical injuries claimed to have resulted from the collision, and then alleged that "because of said injuries, the plaintiff has suffered physical and mental pains, and had a complete nervous breakdown, and will for a long time continue to suffer physical pains and will also suffer from a nervous condition." The trial court told the jury that if the verdict was for the plaintiff she should be allowed such damages as would fairly compensate her for the injuries she had alleged in her complaint and proved by a fair preponderance of the evidence. Then referring specifically to some of her claimed physical injuries, the court pointed out that some of the claimed consequences of such injuries had not been stated by her own physician to positively follow therefrom, and added the statement which the appellant now assigns as error: "If your verdict is in her favor you may allow her damages for such nervous condition as you find to be a result of the negligence of one or both of the defendants proved, as I have charged you." Under these circumstances we are unable to see how the jury could have been misled to the detriment of the defendant. *Seger* v. *Barkhamsted,* 22 Conn. 289, 298; *Swift* v. *Dickerman,* 31 Conn. 285, 294; *Masters* v. *Warren,* 27 Conn. 293, 300; *Gibney* v. *Lewis,* 68 Conn. 393, 396, 35 Atl. 799; *Maisenbacker* v. *Society Concordia,* 71 Conn. 369, 377, 42 Atl. 67; *St.*

*Martin* v. *New York, N. H. & H. R. Co.*, 89 Conn. 405, 408-410, 94 Atl. 279; *Bushnell* v. *Bushnell*, 103 Conn. 583, 594, 131 Atl. 432.

Another request which was refused related to the care required of a motorman in a sudden emergency. The request is defective in several respects, particularly in the opening and in the later portion: "In an emergency, when a motorman has but a second or two to act, . . . the question is, whether, in view of the nature and suddenness of his emergency, you may find his conduct was that of a reasonably prudent man." These are mere assumptions of fact which might well have misled the jury if the charge were given in that form. If, as we think they should have been, the jury had been told that the motorman was entitled to assume that the defendant Maloney would obey the law and observe due care, some portions of the evidence if believed by them, might have justified them in finding that the motorman was in fact confronted by a sudden emergency. In view of this possibility, the defendant was entitled to have the jury instructed as to the measure of the motorman's duty under such circumstances.

A request was also made that the jury be instructed that if the Maloney automobile struck the right-hand side of the trolley car, and if the act of the defendant Maloney was the proximate cause of the accident, the verdict must be for the defendant company. The court was justified in refusing this charge for the reason that the fault of the defendant Maloney, if established, would not necessarily preclude a finding of fault on the part of the motorman which was also a proximate cause of the injury.

Finally, it is assigned as error that the court refused to submit the following interrogatory: "Do you find that Mrs. Miller was injured by a jar caused by a sud-

den application of brakes in an emergency?" Very early in this State it was an established rule in our courts that where there was a general verdict on several counts the verdict would be sustained if any of the counts were good, and if the defendant wished to question any count, he could have separate verdicts. *Wolcott* v. *Coleman,* 2 Conn. 324, 337; *Hoag* v. *Hatch,* 23 Conn. 585, 589; *State* v. *Stebbins,* 29 Conn. 463, 471; *Bulkley* v. *Andrews,* 39 Conn. 523, 534. After the adoption of the Practice Act and our decision in *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 29 Atl. 76, the use of separate counts in negligence actions was largely abandoned and claims of negligence included in a single count, and we extended the rule to these several allegations of negligence, and permitted special interrogatories to determine upon which issue the verdict was based. *Aaronson* v. *New Haven,* 94 Conn. 690, 697, 110 Atl. 872; *Worth* v. *Dunn,* 98 Conn. 51, 63, 118 Atl. 467; *Wladyka* v. *Waterbury,* 98 Conn. 305, 313, 119 Atl. 149; *Brown* v. *Wright,* 100 Conn. 193, 199, 123 Atl. 7; *Blake* v. *Waterbury,* 105 Conn. 482, 486, 136 Atl. 95; *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 201, 139 Atl. 698.

It was found however, that this practice developed some undesirable features and complicated the work of counsel, court and jury, and in *Ziman* v. *Whitley,* 110 Conn. 108, 147 Atl. 370, we re-examined the practice and decisions with the purpose of simplifying the procedure and at the same time preserving the rights of all parties, and held that in cases like the one now under consideration "it is the sounder policy to permit an appellant to take advantage upon appeal of errors affecting one specification of negligence only, even though no interrogatories have been submitted." It is therefore no longer necessary for a defendant to have interrogatories or a special verdict in order to protect

his rights in this class of cases; and it follows that an interrogatory of the character of the one before us, while permissible, is not now necessary or a matter of right, but rests in the sound discretion of the court. This particular interrogatory was objectionable in form in that it did not present a complete cause of action which would be settled by an answer to it. *Callahan* v. *Jursek,* 100 Conn. 490, 494, 124 Atl. 31; *Ford* v. *Dubiskie & Co., Inc.,* 105 Conn. 572, 583, 136 Atl. 560. It would also have required the jury to find as a fact that there was an emergency and then to determine as a fact whether the plaintiff was injured as a result, and thus violated the rule that the interrogatory shall state only a single and distinct point for the jury to answer. *Freedman* v. *New York, N. H. & H. R. Co.,* 81 Conn. 601, 614, 71 Atl. 901.

It becomes unnecessary to discuss the refusal of the trial court to set aside the verdict, or other assignments of error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.