MARION HUBBS *vs.* CARL A. EDMOND.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued June 2d—decided July 10th, 1936.

*Joseph F. Berry,* with whom, on the brief, was *Julius G. Day, Jr.,* for the appellant (defendant).

*Robert P. Butler* with whom was *Leon Riscassi,* for the appellee (plaintiff).

AVERY, J. On April 28th, 1935, at about 1.45 a. m., the plaintiff was riding as a guest in an automobile owned and driven by the defendant. The automobile

ran into a tree on the north side of Capitol Avenue near Lafayette Circle in Hartford and the plaintiff received injuries. She brought an action against the defendant claiming that her injuries were caused by his heedless and reckless disregard of her rights in violation of the "Guest Statute." General Statutes, § 1628. The case was tried to the jury and the plaintiff recovered a verdict from which the defendant has appealed, assigning error in the refusal of the trial court to set aside the verdict and in its instructions to the jury.

At the trial, the plaintiff offered evidence and claimed to have proved that Lafayette Circle, upon its north side, is divided into three lanes of traffic by means of two concrete isles of safety about six inches in height. The defendant entered the circle from Capitol Avenue proceeding in a westerly direction at a speed of about twenty-five miles an hour and headed for the center traffic lane between the two isles of safety. When about ninety feet distant from these, he first saw another automobile about the same distance away proceeding toward the same lane at a speed much greater than that of the defendant's and estimated at forty miles an hour. The defendant know that if he maintained his speed, there would be danger of collision; if he increased his speed, the danger would be increased; and that he could avoid the danger by applying his brakes or by turning slightly to the left and passing through the southerly traffic lane. He nevertheless accelerated the speed of his car about ten miles an hour in an endeavor to pass between the isles of safety marking the middle lane ahead of the vehicle approaching from his right. Both automobiles arrived at the central traffic lane at very nearly the same time, the one on defendant's right being slightly ahead, and the defendant attempted to pass through at the same time as the other. In so doing, the left front wheel of

defendant's car struck the corner of the left hand isle of safety. He lost control of the automobile and it proceeded a distance of one hundred fifty-five feet, striking a tree on the north curb of Capitol Avenue, whereby the plaintiff was injured.

The defendant claimed that as he came to the intersection, he noticed an automobile coming up Trinity Street at fast speed, and as he reached a point near the isles of safety he watched to see what action the other driver was about to take, when the other automobile sped past and to the left ahead of the defendant's car missing it by about a few feet. At that time, the defendant's car struck one of the isles of safety. He immediately turned his head in an endeavor to obtain the marker number on the other vehicle when, on looking up, the tree was in front of him and he was unable to avoid colliding with it.

In the course of its instructions, the court made the following statements: "And then the claim is made that the car driven by the unknown person—and you have got the story in your minds—coming out of Trinity Street while the defendant's car came out of Capitol Avenue, in effect drove in front of him across the line of travel of the defendant's car; it was taking a left turn in other words, and defendant's counsel calls the attention of the court to the fact that the rules of the road provide that if a car in front of another car, both going in the same direction, intends to make a left turn that it is necessary for him to put out his hand to indicate that, and he also makes the claim that the driver of the defendant's car, or the defendant, rather, would have a right to assume, under the circumstances at the time that if this other car, this unknown car, was going to take a turn to the left, that he would get a signal and, therefore, govern himself accordingly. The plaintiff's claim in answer to that is

that there was no evidence that the unknown car was to take a left turn, that they converged at the point pointed out on the map; that no left turn was possible until getting beyond the point where the defendant's car hit the concrete abutments, and that that rule of the road does not apply; but, of course, it is for you gentlemen of the jury in analyzing the facts to decide whether or not, with those two cars coming into that intersection in the manner described that that rule of the road and the defendant's right to rely upon its being observed by the other party to the accident applied."

The court undoubtedly had in mind General Statutes, § 1644, which provides that "each driver of a vehicle . . . if he intends to turn or change his direction . . . shall indicate [by signal such intention and] the direction in which he intends to proceed." The statute prescribes in plain and unequivocal terms what course shall be pursued by the driver of a vehicle who intends to turn or change its direction. The court should have instructed the jury that if they found that the driver of the unknown vehicle intended to change the direction in which he was proceeding, the statute required that he seasonably indicate his intention so to do by giving a signal which would indicate the direction in which he intended to proceed; that the defendant was entitled to assume that the driver of the other vehicle would observe the provisions of the statute until he knew or, in the exercise of reasonable care, should have known that the assumption had become unwarranted; *Miller* v. *Connecticut Co.*, 112 Conn. 476, 479, 152 Atl. 879; *Strosnick* v. *Connecticut Co.*, 92 Conn. 594, 598, 103 Atl. 755; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, 117 Conn. 589, 596, 169 Atl. 613; and if the latter failed to observe the provisions of the statute, this would constitute negligence on his part;

*Coner* v. *Chittenden*, 116 Conn. 78, 81, 163 Atl. 472; *Andrew* v. *White Bus Line Corp.*, 115 Conn. 464, 466, 161 Atl. 792; *Murphy* v. *Way*, 107 Conn. 633, 637, 141 Atl. 858; *Pietrycka* v. *Simolan*, 98 Conn. 490, 495, 120 Atl. 310; and, further, if the jury found that the negligence of the driver of the unknown vehicle was a substantial factor in producing the injuries to the plaintiff and that the heedless or reckless disregard of the plaintiff's rights by the defendant, in case the jury found such conduct upon his part, was not a substantial factor in producing those injuries, their verdict must be for the defendant. The effect of the charge as delivered was merely to inform the jury that there was such a statute and to leave them to determine whether it had any application to the situation before them; whereas, the jury should have been informed that if they found the driver of the unknown car intended to change his direction, the statute would apply automatically and, in any event, that it was his duty seasonably to signify his intention to turn and the direction in which he intended to proceed as required by the statute. As a new trial must be ordered upon this account, it is unnecessary to discuss the other claimed error in the charge which, at the most, was verbal and would not be apt to recur upon another trial of the case, nor is it necessary to discuss the motion to set aside the verdict.

There is error and a new trial is ordered.

In this opinion the other judges concurred.