Elva Podziewski *v.* Francois Gaumond et als.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued February 1st—decided April 8th, 1938.

*Arthur T. Keefe,* for the appellant (named defendant).

*Charles V. James,* with whom, on the brief, were *Thomas J. Kelly* and *Arthur M. Brown,* for the appellant (plaintiff).

*Harrison D. Schofield,* for the appellees (defendants Niederman et al.).

BROWN, J. The plaintiff sued to recover for personal injuries sustained while riding in a trolley car in consequence of the collision of the defendant Niederman's truck with the defendant Gaumond's Packard sedan and the trolley, and from a judgment for the plaintiff against the defendant Gaumond only, he and the plaintiff have appealed. The accident occurred when the Packard, passing in a southerly direction to the east of a Plymouth coupé parked on the west side of the street, hit the left side of the truck going northerly and deflected it to the east against the right front corner of the south bound trolley car. The conclusion of the trial court that the negligence of the operator of the Packard was the sole proximate cause of the injuries to the plaintiff, was supported by the subordinate facts, which cannot be corrected in any way material to this appeal. The substantial claim of the appellants is that the defendant Wiese, as driver of the defendant Niederman's truck and his agent, was negligent in continuing northerly as he did when he saw the parked Plymouth car, and the trolley and the Packard approaching from the north, and should have anticipated that the insufficient space for the truck and the Packard to pass between the Plymouth and the trolley might be closed by the oncoming Packard.

The collision occurred in broad daylight on a clear dry day. The road was straight and level for five hundred feet in each direction from the point of impact

and there was no traffic in the highway except for the vehicles mentioned. Wiese knew the space between the Plymouth and trolley was insufficient for the truck and Packard to pass through it in safety. The truck at all times kept on its right side of the traveled highway and was proceeding at twenty-five miles an hour about three or four feet to the west of the more westerly trolley rail when it reached a point thirty feet south of the Plymouth, and the trolley was then fifty or sixty feet north of the truck. The Packard at the time was proceeding southerly at from thirty to forty miles an hour and overtaking the moving trolley. At a point fifteen or twenty feet back of the Plymouth, Gaumond turned the Packard sharply to his left to pass it. When Wiese saw this, he put on his brakes and cut closer to the trolley track and then swung back clear of the trolley car. Thereupon the Packard's left front hub cap struck the truck's left front wheel and deflected the truck against the trolley. These comprise the material facts found and support the court's conclusion to the effect that the truck driver was not "negligent in assuming the Packard would slow down or stop and permit him to proceed past the Plymouth" up to the instant that the Packard cut out to its left. It was Gaumond's duty under § 451b of the General Statutes, Cum. Sup. 1933, as a driver overtaking and passing to the left of the Plymouth, to do so subject to the right of way of the truck traveling in the opposite direction and meeting it at the point where it was to pass the Plymouth. Wiese was entitled to assume that Gaumond would observe this duty until he knew or in the exercise of reasonable care should have known that the assumption had become unwarranted. *Hubbs* v. *Edmond,* 121 Conn. 506, 509, 186 Atl. 496; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 598, 169 Atl 613; *Strosnick* v.

*Connecticut Co.*, 92 Conn. 594, 598, 103 Atl. 755. In the light of this principle we cannot say as a matter of law that Wiese, either in operating the truck at the speed, in the course, and maintaining the lookout and control which he did before the Packard cut left, or in what he did or failed to do after being confronted with the emergency thereby created, failed to use the reasonable care required of him under the circumstances. *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, supra, 597; *Puza* v. *Hamway*, 123 Conn. 205, 213, 193 Atl 776. The court therefore did not err in concluding that he was not negligent.

There is no error.

In this opinion the other judges concurred.