VIOLET L. JOHNSON *v.* EDWIN H. SHATTUCK.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued November 2—decided December 7, 1938.

*Joseph B. Morse,* with whom, on the brief, were *Philip Pond* and *Daniel D. Morgan,* for the appellant (defendant).

*Milton Nahum,* with whom, on the brief, was *Julius Apter,* for the appellee (plaintiff).

BROWN, J.   The only issues pursued concern the conclusions of the trial court that the defendant was negligent, that this was a proximate cause of the plaintiff's injury, and that the plaintiff was free from contributory negligence.   The relevant facts found by the court are in substance these.   Windsor Street in Hartford has a concrete surface thirty-four and one-half feet in width and at the place where this accident happened is level, straight and heavily traveled.   In broad daylight on June 14, 1937, the defendant was operating an automobile northerly along the dry roadway of this street, following a lumber truck which was one hundred feet ahead, and followed by another truck which was twenty-five feet behind.   All of the three vehicles were traveling at about the same speed of twenty miles per hour, with their right sides about ten and three-quarters feet from the east edge of the street, and were overtaking a bicycle also proceeding northerly about six and one-half feet from this edge. William Cupe, a twelve year old boy, was pedaling the bicycle standing up, at a much slower speed than that of the three motor vehicles, and the plaintiff, a

ten year old girl, sat on the seat behind him with her arms around his waist, but the positions of the children did not interfere with the boy's ability to operate the bicycle. They had been riding in this manner for a considerable distance.

When at least one hundred feet south of it, the defendant first saw the bicycle as the lumber truck came abreast of it, and observed there were young children on it. A continuation of the courses they were then following would have brought the defendant's automobile and the bicycle within less than four feet of each other as they came side by side. From his first sight of the bicycle until the collision the defendant did not change his course, sound any horn, give any warning of his approach, or slacken his speed. When the lumber truck had passed the bicycle and the defendant's automobile was about ten feet from the rear of it, Cupe started to turn to his left. He had not told the plaintiff he was going to nor did she know he was about to do so. He did not know defendant's automobile was approaching nor did he look to see if there was any traffic before he started to turn. When he had turned slightly and part of his front wheel was more than ten and a quarter feet from the east edge of the street, the right front corner of the defendant's bumper struck it, throwing the plaintiff to the pavement, causing her serious injuries. There was no traffic other than that above stated. When the bicycle started to turn, the defendant's automobile was so close that it was impossible for him to stop or turn it and avoid the accident.

These facts are undisputed, since the appeal does not attack the finding. No conclusion of the trial court can be disturbed by this court, therefore, unless it appears either that it involves the application of some erroneous rule of law material to the case, or that the

conclusion has been unreasonably drawn from the facts found. *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 Atl. 823; *Skovronski* v. *Genovese,* 124 Conn. 482, 484, 200 Atl. 575. The essence of the defendant's sole argument attacking the conclusion that the defendant's failure "to give a warning of his approach towards a bicycle on which were two children of tender age was negligent, in view of all the circumstances," is that inasmuch as § 1644 of the General Statutes required the boy riding the bicycle to signal before changing his direction, the defendant had a right to assume that before turning he would do this (*Rozycki* v. *Yantic Grain & Products Co.,* 99 Conn. 711, 716, 122 Atl. 717), and since it does not appear that such signal was given, the court was not warranted in concluding that the defendant failed to act as a reasonably prudent man would have acted under the circumstances and was negligent. The full and correct statement of the rule of law upon which the defendant's contention is predicated, however, is "that the defendant was entitled to assume that the driver of the other vehicle would observe the provisions of the statute until he knew or, in the exercise of reasonable care, should have known that the assumption had become unwarranted." *Hubbs* v. *Edmond,* 121 Conn. 506, 509, 186 Atl. 496; *Podziewski* v. *Gaumond,* 124 Conn. 157, 159, 198 Atl. 569; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 596, 169 Atl. 613. Since it appears that while still at least one hundred feet behind the bicycle the defendant saw the young children on it, and either saw or should have seen that the boy was standing up pedaling and the girl sitting behind him with her arms around his waist, we cannot say that the court was not justified in concluding that the defendant should have known that his assumption that the boy would signal before turning, had become unwarranted, and that in

thereafter continuing on as he did, he was negligent. The law has regard for the immaturity of childhood. *Rutkowski* v. *Connecticut Light & Power Co.*, 100 Conn. 49, 53, 123 Atl. 25. In overtaking this bicycle the defendant was bound to bear in mind the characteristics of young children in respect to their non-appreciation of danger, and reasonable care on his part under the circumstances required greater care to avoid injury to them than if they were adults better able to help themselves. *Lederer* v. *Connecticut Co.*, 95 Conn. 520, 524, 111 Atl. 785. The court did not err in concluding that the defendant was negligent.

In attacking the court's conclusion that the defendant's negligence in failing to give a warning of his approach "was a proximate cause of the accident, even though the negligence of the bicycle operator materially contributed to it," the defendant's claim is that since, when the bicycle started to turn, the automobile was so close that it was impossible for the defendant to stop or avoid a collision, it cannot be said that the substantial factor which caused the accident was his failure to give a signal. The purport of this argument is that even though the defendant had been negligent in failing to give any warning of the approach of the automobile, the subsequent left turn by the bicycle without signal must be held to have constituted the sole proximate cause of the accident, as distinguished from a concurring cause only, as found by the court. The answer to this contention is that, as was recently stated by this court in a case where the act of a third party had intervened between the defendant's negligence and the plaintiff's injury, "the fact that the defendant was negligent is still a ground of recovery rather than a mere condition if the plaintiff's harm results from a hazard because of which the defendant's conduct was negligent." *Cuneo* v. *Connecticut Co.*,

124 Conn. 647, 651, 2 Atl. (2d) 220. In such a situation the defendant's negligence continues " 'down to the very moment of the accident.' " *England* v. *Watkins Brothers, Inc.*, 122 Conn. 1, 6, 186 Atl. 484. In the present case it was the hazard of just such a left turn as was made by the bicycle, which rendered the defendant's operation of his overtaking automobile without warning, negligent. The court did not err in concluding that this negligence was a proximate cause of the accident.

The final conclusion of the court challenged by the defendant, is that "the plaintiff was not guilty of contributory negligence." The negligence of the boy Cupe is not imputable to the plaintiff. *Sullivan* v. *Krivitsky,* 100 Conn. 508, 510, 123 Atl. 847. It is conceded that General Statutes, 1937 Supplement, § 357d, imposing certain restrictions upon the operation of a bicycle carrying more than one person, was not in effect at the time of this accident. Under the well established rule the extent of the duty resting upon this ten year old plaintiff was to exercise " 'such care as may reasonably be expected of children of similar age, judgment and experience.' " *Marfyak* v. *New England Transportation Co.*, 120 Conn. 46, 50, 179 Atl. 9. The defendant argues that the plaintiff could not have been riding as she was without being conscious that: (1) she was interfering with the free operation of the bicycle, and that (2) she was engaged in a dangerous pastime in so riding; and hence that she was contributorily negligent. If it be assumed that the plaintiff was conscious of both (1) and (2), even though the finding shows as to (1) that in fact her position did not interfere with the bicycle's operation, it still remained for the court to determine whether under all the circumstances the plaintiff's conduct did or did not measure up to the standard just quoted. Upon the facts found

it could reasonably have concluded that it did. The court did not err therefore in its conclusion that the plaintiff was free from contributory negligence.

There is no error.

In this opinion the other judges concurred.