## ELMAN COAL CO.
*vs.*
## HAROLD A. HOWARD

Court of Common Pleas    Hartford County    File No. 40042

MEMORANDUM FILED NOVEMBER 29, 1941.

*John E. Gallivan,* and *Cohen & Cohen,* of Hartford, for the Plaintiff.

*Buckley, Creedon & Danaher,* and *Howard B. Phelon,* of Hartford, for the Defendant.

KLAU, J. In this action, the plaintiff, as the owner of an oil truck, seeks to recover from the defendant damages sustained to the truck which were allegedly caused by the negligence of the defendant. The defendant denies the alleged acts of negligence, as a special defense pleads contributory negligence, and by way of counterclaim seeks to recover from the plaintiff damages to the automobile which he was operating at the time of the accident allegedly caused by the negligence of the plaintiff's operator. The plaintiff denies the acts of negligence set forth by the defendant in his counterclaim, and by way of special defense to the counterclaim alleges that the defendant was contributorily negligent.

The collision between the truck owned by the plaintiff, which at the time of the accident was being operated by its employee, Orland Russell, Jr., and the automobile owned and operated by the defendant, occurred on April 8, 1940, at about 9:30 a.m. on Jordan Lane in the Town of Wethersfield. At the time of the collision it was raining slightly and the highway was wet.

Jordan Lane runs in an easterly and westerly direction, with its westerly end interesting Ridge Road. Jordan Lane from Ridge Road easterly is a gradually sloping hill. From Ridge Road down it is fairly steep and then gradually levels off. At the place where the collision occurred, about 500 feet from the intersection of Jordan Lane and Ridge Road, it still continues to slope easterly, and does not become a flat grade until about 85 yards beyond the place on the highway where the accident occurred.

Shortly prior to the collision and at the place where the collision subsequently occurred, two trucks belonging to the Town of Wethersfield had parked on Jordan Lane. One had parked facing in a westerly direction on the northerly side of Jordan Lane completely off the shoulder of the highway; the other, facing in an easterly direction, had parked on the southerly side of Jordan Lane, and almost directly opposite the other parked truck, but the left side of this southerly parked truck occupied about three feet of the traveled portion of the highway. The traveled portion of Jordan Lane at this point is 22 feet wide, and there are shoulders on each side

of the highway, each approximately three feet in width.

The plaintiff's oil truck is 23 feet long, eight feet at its extreme width, and weighs between 7,500 and 8,000 pounds when empty of fuel. The defendant's automobile is a Buick coupe.

Just prior to the accident, the plaintiff's driver had turned from Ridge Road, and was proceeding in an easterly direction down Jordan Lane at a rate of speed of about 35 miles an hour. The defendant was proceeding westerly on Jordan Lane at about 40 miles per hour, and both operators had a clear view of each other as they approached the area of the highway between the two parked town trucks.

The plaintiff's driver thought that he would have sufficient opportunity to pass to the left of the truck parked on the southerly side of Jordan Lane before the defendant arrived at the space in the highway between the two parked trucks as he was proceeding in his westerly course. The defendant believed that the plaintiff's driver would slow down or stop his truck before passing to the left of the truck parked on the southerly side of the road, and thereby permit the defendant to continue on his own side of the road without interference. The plaintiff's operator, however, did not stop and, except for taking his foot off of the gas accelerator, continued his course to the left of the parked truck at which point the collision between the vehicles occurred.

With both vehicles approaching each other, the defendant was entitled to one-half the traveled portion of the road, and the plaintiff was under a duty to give him one-half of the traveled portion of the highway, if practicable. This left only eight feet of the traveled portion of the highway to the plaintiff's operator at the point where the southerly parked truck was occupying a portion of the highway. The plaintiff's truck at its extreme width is eight feet in width, and consequently in endeavoring to pass the parked truck, he necessarily was forced to occupy with his vehicle some portion of the traveled portion of the highway along which the defendant was proceeding. The defendant, in endeavoring to avoid striking the plaintiff's truck which was in its path, applied his brakes. The plaintiff's operator turned his wheel to the right, but all of this was not sufficient to avoid the collision, the defendant striking the rear left end of the oil truck with the left front

side of his coupe. Extensive damage resulted to both vehicles.

The pertinent statutory provision of the rules of the road which should have guided the conduct of the plaintiff's operator provides as follows: "The person overtaking and passing to the left of the person or vehicle overtaken shall do so subject to the right of way of those traveling in an opposite direction and meeting him at the point where he is to pass the person or vehicle overtaken." (Supp. [1939] §544e[a].)

The traveled portion of Jordan Lane comprises only that portion of the highway intended for normal travel, excluding the dirt shoulder on either side. *Kurtz vs. Morse Oil Co.,* 114 Conn. 336, 341; *Decker vs. Roberts,* 126 id. 478, 482. The plaintiff's driver's right to drive on his left side of the highway was conditional upon his noninterference with machines coming from the other direction, and in his proper use of that other side of the highway. *Dole vs. Lublin,* 112 Conn. 603, 606.

It was the plaintiff's operator's duty under section 544e, *supra,* as a driver overtaking and passing to the left of the southerly parked truck, to do so subject to the right of way of the defendant's automobile traveling in the opposite direction and meeting it at a point where it was to pass the parked trucks. *Podziewski vs. Gaumond,* 124 Conn. 157, 159.

In passing the southerly parked truck as he did, the operator of the plaintiff's truck interfered with and failed to give the right of way to the defendant's car, and such failure was a breach of his duty toward the defendant, which was a substantial factor in causing the damage which occurred to the plaintiff's truck. The plaintiff, therefore, cannot recover from the defendant because the negligence of its own employee was a substantial factor in producing the damages for which it seeks to recover.

The conduct of the defendant prior to the collision was not negligent. Approaching the area of the highway between the two parked town trucks, he assumed, as he was entitled to assume, that the operator of the plaintiff's truck would observe his duty and not attempt to pass to the left of the town truck parked on the southerly side of the highway. *Podziewski vs. Gaumond, supra,* p. 159. There was an 11-foot right of way for the defendant to proceed in his westerly course,

a sufficient space to pass between the parked trucks if the operator of the plaintiff's truck had not occupied any portion of this space. As the plaintiff's truck began to pass to the left of the parked truck, the defendant was on his own right side of the center line of the highway and about 50 feet from the space between the parked trucks. He applied his brakes but the car did not come to a stop until it had struck the rear of the plaintiff's truck, the left side of which at that time was north of the center line of the traveled portion of the highway. At that instant the defendant could not have avoided the collision. And immediately prior thereto there was no reason for his believing that the operator of the plaintiff's truck would attempt to pass out to the left of the town truck and partially over into his pathway. The rate of speed at which he was operating his car prior to the collision was not a substantial factor in causing the collision. *Mahoney vs. Beatman,* 110 Conn. 184.

The issues on the complaint and on the counterclaim are found for the defendant.

Judgment may be entered for the defendant on the complaint, and in accordance with the stipulation entered into between counsel for both parties during the trial as to the amount of damages to be found for the defendant in the event a judgment for damages should be rendered for the defendant, judgment may be entered for the defendant on the counterclaim to recover from the plaintiff the sum of $400.