JOHN CESANEK *v.* G. FOX & CO., INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 2—decided December 28, 1942.

*Julius B. Schatz,* with whom were *Arthur D. Weinstein* and, on the brief, *Edward Seltzer,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages for injuries he suffered when a bicycle on which he was riding came into collision with an automobile owned by the defendant and operated by one of its employees within the scope of his employment. From a judgment for the defendant the plaintiff has appealed. The finding states the following facts: The plaintiff was fifteen and one-half years of age. Having completed an errand in a store on the west side of Laurel Street in Hartford, he mounted his bicycle and rode southerly along the street in a course three or four feet easterly of its west curb. He turned his head and looked back over his shoulder. Two cars were approaching, also going in a southerly direc-

tion. Both were approximately riding the rails of the more westerly of two trolley tracks along the street, the defendant's car being the second and about thirty-five feet in the rear of the first. The defendant's car was proceeding at a speed of about twenty miles an hour. The first car passed the plaintiff. As the defendant's car was passing him at a distance of five or six feet, the plaintiff turned his bicycle sharply to the left and collided with its right rear fender. The defendant driver gave no signal of his approach.

The plaintiff seeks several corrections in the finding. He claims particularly that the injuries suffered by him in his fall to the street, all on his left side, indisputably establish that the collision could not have occurred in the way the trial court has found but can only be explained upon the theory advanced by him, that the side of the defendant's car struck him and his bicycle as it passed. There are too many uncertainties involved in the way in which the plaintiff might fall if the collision occurred as the trial court found to make this claim tenable. No material change can be made in the finding.

The trial court could reasonably conclude that the defendant was not negligent. The case of *Johnson* v. *Shattuck*, 125 Conn. 60, 3 Atl. (2d) 229, relied on by the plaintiff, is not authority to the contrary. Not only do the facts involved in that case materially differ from the one before us but we were not called upon ourselves to determine whether or not the defendant was negligent any more than we are in this. The question for our determination was whether the trial court could reasonably have reached the conclusion that it did, and we held only that it could properly find such negligence. So in this case, we are only called upon to determine whether the trial court could reasonably find that the defendant was not negligent.

It is not necessary to consider the trial court's other conclusion, that the plaintiff was guilty of contributory negligence.

There is no error.