CATHERINE RILEY *v.* CONNECTICUT COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 1, 1942—decided January 8, 1943.

*Cyril Coleman,* for the defendant (appellant).

*Dennis P. O'Connor,* with whom was *Edward J. Lonergan,* for the plaintiff (appellee).

BROWN, J. The only errors assigned upon this appeal are the court's failure to charge the jury, first, on the rule of due care resting upon the defendant's motorman when confronted by a sudden emergency, and second, on the rule of due care resting upon him as affected by his right to assume that the operators of other vehicles upon the highway would exercise reasonable care.

The following facts are undisputed. On January 4, 1941, the plaintiff was a passenger for hire on a trolley car of the defendant. As the car proceeded south on Main Street in Hartford approaching the intersection of Buckingham Street, the plaintiff sounded the buzzer signal for the next stop, opposite the northwest corner of the two streets. She then arose from her seat, the motorman applied his brakes, bringing the car to a

sudden stop, and she was thrown to the floor sustaining the injuries complained of. From the westerly rail of the track to the westerly curb of Main Street was approximately twenty-one feet.

The plaintiff made the following further claims: As she sounded the buzzer she looked out and saw no automobiles on the street; the trolley was going fast and swaying; it was fifty feet north of the intersection when she stepped into the aisle; the motorman looked back in her direction and then suddenly applied the brakes; and the trolley came to a stop in the center of the intersection. These were the defendant's further claims: The trolley was proceeding at eight or ten miles an hour; about one hundred feet north of the intersection an automobile was parked near the west curb and on its left a large truck was "double parked"; as the trolley approached this truck, an automobile traveling at high speed overtook the trolley on its right from the rear; the motorman saw it flash by when the trolley was approximately ten feet behind the truck; immediately in front of the trolley it swerved to the left onto the track to avoid the truck, and continued on; as it passed him the motorman threw on his brakes, brought the trolley to the sudden stop to avoid pinning the automobile against the truck, and so prevented a collision.

The plaintiff's complaint alleged a cause of action for her injuries resulting from the sudden stop due to the negligence of defendant's motorman. As the case was submitted to the jury under the charge, there were two specifications of negligence upon which she relied. One was the speed at which the trolley was being operated, and the other was bringing it to a sudden stop without warning the plaintiff. The court instructed the jury that the violation of the defendant's duty to the plaintiff as defined in the charge, in either

or both of these respects, would constitute actionable negligence. It had earlier stated that this duty of the defendant to the plaintiff "was to exercise in the operation of its trolley car the highest degree of care and skill which may be reasonably expected of intelligent and prudent persons engaged in the business of carrying passengers for hire on an established trolley line in view of the instrumentalities employed and the dangers reasonably to be apprehended." This definition of the defendant's duty, without modification or qualification in any particular, was the sole standard given the jury for determining whether or not the defendant's conduct was negligent. It was repeatedly referred to by the court in the course of the charge and was again repeated in the conclusion of its instructions upon liability.

The law is well established that a defendant in operating a vehicle upon the highway is entitled to assume that the driver of another vehicle thereon will use due care in his operation of it, until the defendant knows or, in the exercise of reasonable care, should know that the assumption has become unwarranted. *Miller* v. *Connecticut Co.,* 112 Conn. 476, 477, 152 Atl. 879; *Johnson* v. *Shattuck,* 125 Conn. 60, 63, 3 Atl. (2d) 229; *Hubbs* v. *Edmond,* 121 Conn. 506, 509, 186 Atl. 496; *Podziewski* v. *Gaumond,* 124 Conn. 157, 159, 198 Atl. 569; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 596, 169 Atl. 613; *McDowell* v. *Federal Tea Co., Inc.,* 128 Conn. 437, 441, 23 Atl. (2d) 512. The defendant contends that, testing the charge by the claims of proof of the parties in the finding, as we must (*Mavrides* v. *Lyon,* 123 Conn. 173, 174, 193 Atl. 605), the court erred in defining the defendant's duty as it did without qualification giving the defendant the benefit of this principle. Under the defendant's claims of proof, a vital factor involved in the jury's applica-

tion of the standard of duty of the defendant, in determining whether it was negligent, was such right as the motorman had to assume that no automobile would overtake and swing onto the track immediately ahead of the trolley as the defendant claims an automobile did. Accordingly, the rule just recited controlling and explaining this right did constitute an essential qualification of the court's definition, for the motorman's failure to slow down sooner or otherwise to control the speed of the trolley could be held negligence under the definition as given, while the contrary could well be true of such failure under the definition qualified by the principle set forth above. The same would be so as to his failure to warn the plaintiff of the stop. Neglect to instruct on this rule of law when material, as here, has been held reversible error in cases of ordinary negligence. *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, supra; *McDowell* v. *Federal Tea Co., Inc.*, supra. A fortiori, this holds true in this case where the defendant was charged with the duty of exercising the highest degree of care.

In urging the other claimed error—the court's failure to explain to the jury the application of the rule concerning the care required of the motorman in the face of a sudden emergency—the defendant contends that under its claims of proof it was entitled to the benefit of "the more lenient and liberal rule as to due care, which is applicable only in the case of one confronted by a sudden emergency." *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, supra, 597; *Lawlor* v. *Connecticut Co.*, 121 Conn. 511, 513, 186 Atl. 491. Upon the claims of proof the jury might have found that the speeding automobile suddenly overtook and cut across onto the track within less than ten feet of the front of the trolley as it was proceeding at a speed of from eight to ten miles an hour. In such a situation the motorman

would have been confronted with an emergency within the meaning of that expression as used in our decisions. See *Gross* v. *Boston, W. & N. Y. St. Ry. Co.* and *Lawlor* v. *Connecticut Co.*, supra; also *Puza* v. *Hamway*, 123 Conn. 205, 213, 193 Atl. 776, and *Martin* v. *Holway*, 126 Conn. 700, 702, 14 Atl. (2d) 38. The jury might further have found, particularly in view of the motorman's right, explained above, to assume that the automobile driver would proceed with due care, that this emergency arose through no fault of the motorman. Upon such a finding the existence of the emergency is to be considered in determining whether he exercised proper care. *Puza* v. *Hamway*, supra, 213. If he exercised the highest degree of care and skill reasonably to be expected of intelligent and prudent persons engaged in the business of carrying passengers for hire when confronted with such an emergency, he would not be negligent. Accordingly, the defendant was entitled to a charge to this effect.

The defendant failed to file any request to charge as called for by § 156 of the Practice Book. It is true, as urged by the plaintiff, that error cannot be predicated on omission to charge on a specific point as to which no instruction is requested, if the charge as a whole is sufficient to guide the jury in deciding the issues. *Giddings* v. *Honan*, 114 Conn. 473, 475, 159 Atl. 271; *Mavrides* v. *Lyon*, supra, 176; *Coy* v. *Milford*, 126 Conn. 484, 488, 12 Atl. (2d) 641. But when the omitted instructions are essential to a proper and complete consideration and decision of the case, failure to include them constitutes error, even though the court's attention has not been called to the point by a request to charge or in any way. *Pietrycka* v. *Simolan*, 98 Conn. 490, 499, 120 Atl. 310; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, supra, 596. That the omitted instructions in the instant case fall within the latter rule

sufficiently appears from what we have already said. Nor did the court's reference to the factual claims of the defendant concerning the reason for the sudden stop cure the omissions complained of, since this included no rule of law stating the correct test of the motorman's conduct. Finally, if we assume, as the record indicates, that the complaint of the omissions in the charge first came as an afterthought on the part of experienced counsel, this requires that the claimed errors should be scanned with special care, but, since they concerned principles of controlling importance upon a vital issue in the case, counsel's conduct cannot affect the defendant's right to relief upon this appeal. *Foote* v. *E. P. Broderick Haulage Co., Inc.*, 123 Conn. 296, 299, 195 Atl. 191.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J., ELLS and DICKENSON, Js., concurred; JENNINGS, J., dissented.