LILLIAN O'BRIEN *v.* SEABOARD FREIGHT LINES, INC.,
ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 6—decided December 5, 1940.

*Philip R. Shiff,* for the appellant (named defend-
ant).

*Martin E. Gormley,* for the appellant (defendant
Peirce).

*Philip Reich*, with whom was *Samuel Reich*, for the appellee (plaintiff).

BROWN, J. The defendant Seaboard Freight Lines, Inc., referred to herein as the defendant Company, in its appeal claims that the court erred in charging the jury and in denying its motion to set aside the verdict, and the defendant Peirce in his appeal claims that the court erred in denying his motion to set aside the verdict. These facts are undisputed. The plaintiff at 8.20 p. m. on November 26, 1938, was a passenger in the car owned and operated by the defendant Peirce when it collided on the Milford Turnpike in Orange with the tractor-trailer truck of the defendant Company. The truck was proceeding easterly along the thirty-six foot wide concrete roadway of the Turnpike at the time, and the Peirce car had come from the more easterly of two driveways serving the Oasis Restaurant which is south of the road, to proceed easterly to New Haven. A traffic signal light, located a few feet east of this driveway, controlled traffic on the Turnpike and was visible to Peirce before he drove out of the driveway. At that time it showed green for eastbound traffic and it continued to show green until after the collision. Peirce had been driving his car slowly along the driveway toward the Turnpike while the defendant Company's truck was approaching from some distance further to the west. The night was clear and there was nothing to obstruct the view between the vehicles, which were proceeding with lights lighted. The right front part of the truck collided with the left side of the Peirce car, throwing the plaintiff out and causing her injuries.

The material claims of proof of the parties were in substance these. The plaintiff claimed that the defendant Peirce drove his car slowly along and out of

the driveway when the truck was approaching from the west about three hundred feet away at high speed on the highway, which was icy and slippery, that he turned it to his right on the Turnpike, and that the truck violently collided with it. The defendant Peirce's claims were to the same effect except that he claimed that he stopped his car for a couple of seconds at the end of the driveway before proceeding out onto the highway into the second lane, and that he had proceeded easterly past the traffic light before the collision occurred. The defendant Company claimed that the truck was approaching the traffic light from the west at from thirty to thirty-five miles per hour and the driver when about two hundred feet west of the driveway saw the headlights of the Peirce car proceeding on the driveway toward the highway; that he thereupon slightly reduced the truck's speed, and then seeing the Peirce car come to a stop at the end of the driveway, continued on as before; that when the truck had reached a point about twenty-five feet west of the driveway, the Peirce car proceeded out into the road directly in its path; and that the collision occurred in the first lane opposite a point just west of the easterly line of the driveway.

Referring in its charge to the claim that the defendant Peirce came out of this private driveway onto the public highway, the court said: ". . . I would say to you, with respect to that, that our statute provides that no operator or driver entering upon a public highway from a private way shall have the right of way, and of course if you find that there was a violation of that statute, you would be justified in finding that that was negligence. . . ." The charge originally given contained no further instruction or explanation of the meaning or application of this provision of the statute. After considering the case for some time the

jury addressed an inquiry to the court in response to which it gave supplemental instructions. Referring to Peirce's claim that the truck was three hundred feet away when he drove out onto the road, the court told the jury that if they found this to be the situation and further that it was a reasonably prudent thing under the circumstances for him to drive out as he did, "Peirce would have a right to do it, regardless of the right of way. This right of way would only come into being in connection with a claim that he was trying to assert a right of way when the cars were in such close proximity that if they continued at the rate at which they were traveling an accident would be inevitable." It is this instruction, restricting the application of the statute to the situation where the vehicles involved are in such proximity that a collision is inevitable, which the defendant Company claims constituted reversible error.

The statute was correctly quoted in the court's original charge above recited. General Statutes, Cum. Sup. 1935, § 636c. In construing this provision in *Morosini* v. *Davis,* 110 Conn. 358, 148 Atl. 371, after pointing out that it is a reasonable rule of safety adopted by the legislature to prevent collisions, we concluded with these words (p. 362): "It is only just, therefore, that users of a private way should conform in letter and spirit to the provision which gives the traveler on the public highway the right of way where there is danger of a collision." This states the effect of the statute conversely, but makes clear that as applicable to the rights of the user of the private way, it means that he has no right to drive out onto the highway when this involves "danger of a collision." This is the rule of law determinative of the defendant Peirce's right to drive out in this case. Patently this is a right substantially narrower in its scope than one

to drive out unless in consequence thereof "an accident would be inevitable."

The materiality of the court's misstatement of the rule upon this vital issue is clearly revealed when its words are considered in their context in the original charge. Just before referring to the statute in the words quoted, the court had stated generally the right of a driver to assume that the other driver will comply with the law, and immediately after, continued in these words: "With respect to what I said concerning the right of operators on the highway to assume that others know the law and will obey the law, coming out of this private driveway and the law concerning it would be something that Peirce would be supposed to know, and the other operator would have a right to assume that he did know. The operator of the truck would have a right to assume, until the contrary appeared, that Peirce would abide by that law of the road and not claim any right of way, if that is what you find he was doing at the time that he came out into the highway." Upon the defendant Company's claims of proof, from the time its driver first saw the lights of Peirce's car there was nothing to indicate that he would drive out onto the highway in violation of the law, until the truck had reached a point twenty-five feet west of the driveway. Under the correct rule as to Peirce's right of way and the proper instructions just quoted, it was at that time when it was too late to avoid the collision that the truck driver would be first charged with the duty of anticipating this act by Peirce. *Johnson* v. *Shattuck,* 125 Conn. 60, 63, 3 Atl. (2d) 229. The right of way in Peirce as defined by the court, however, imposed the duty upon the truck driver, from the time he first saw the lights of the Peirce car, of anticipating that it would lawfully emerge at any time before a resulting collision had

become a certainty, and of controlling his truck accordingly. The court's instructions charging the defendant Company with liability for the violation of this duty which the law does not impose, constituted error as to it, and as was conceded by counsel for the defendant Peirce, was more favorable to him than the law warrants. From the mere fact that the jury's inquiry of the court, eventuating in its supplemental charge, related to their right to award damages on the basis of comparative negligence, it cannot be conclusively presumed that upon returning to the jury room the question of damages only was considered by them, and that therefore the error was harmless, as suggested by the court's memorandum.

The conclusion that there was reversible error in the charge entitles the defendant Company to a new trial, and renders it unnecessary to consider its claim that there was error in the denial of its motion to set aside the verdict. The defendant Peirce's similar claim relative to the verdict against him calls for no extended discussion. The jury could reasonably have found that Peirce knew the roadway was very slippery and that the traffic light showed green for the defendant Company's truck traveling easterly, that he saw its headlights three hundred feet away as it approached at thirty-five miles per hour though he could not tell how fast it was coming, that notwithstanding he drove out from his position of safety where he had stopped in the driveway directly into the truck's path as it reached a point twenty-five feet west of his car, and that the collision ensued. These facts are sufficient to establish negligence of the defendant Peirce which was a proximate cause of the plaintiff's injuries. Her freedom from contributory negligence is unquestioned. This defendant's claim that the verdict was excessive has been expressly abandoned. The court did not err

in refusing to set aside the verdict against the defendant Peirce.

There is error upon the appeal of the defendant Company and a new trial is ordered as to it. There is no error upon the appeal of the defendant Peirce.

In this opinion the other judges concurred.